IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jamie M. Hysell,                      :

    Plaintiff,                    :

  v.                                  :       Case No.  2:14-cv-2348

                                         :       JUDGE JAMES L. GRAHAM
Commissioner of Social Security,      Magistrate Judge Kemp

    Defendant.                    :

REPORT AND RECOMMENDATION

    This case is before the Court to consider plaintiff's motion for an award of attorney fees under the EAJA.  (Doc. 23).  In an order filed on December 2, 2016 ("Order"), the Court directed the Plaintiff to either accept the amount of attorney fees which had been conceded by the Commissioner or provide a supplemental motion for fees providing additional supporting evidence.  The Plaintiff filed the supplemental motion on December 20, 2016. (Doc. 27). The Commissioner was given fourteen days to respond, but has neither done so nor requested additional time.  Thus, the motion is ripe for decision.  For the following reasons, it will be recommended that plaintiff be awarded attorney fees in the amount of $5,404.75.

I.  Discussion

    In its Order, the Court considered the plaintiff's request for attorney's fees in the amount of $7,157.21, which consisted of 38.64 hours of attorney time at a rate of $185.18 per hour; 9.7 hours of paralegal time at a rate of $80.00 per hour; and expenses of $200.00 for the *pro hac vice* filing fee for counsel. The Court noted the following specific deficiencies in the request and supporting materials: (1) the lack of an affidavit detailing the credentials and experience of Dorothy Wendel, the primary lawyer who worked on the case; (2) the lack of supporting

evidence for the $80.00 per hour rate for paralegal work; and (3) justification for the amount of attorney time spent on the case. The Court indicated in that Order that it intended to recommend that plaintiff's request for the reimbursement of the $200.00 *pro hac vice* fee be denied. Reimbursement for that cost is not requested in the supplemental motion.

In its supplemental motion, the plaintiff now requests a total of $7,933.21 for attorney and paralegal fees. He provides a second affidavit of Howard Olinsky which again details Mr. Olinsky's qualifications and experience, as well as those of Ms. Wendel (Doc. 28-1, ¶6) which establish that Ms. Wendel is a qualified lawyer with approximately 17 years of experience in Social Security law. The affidavit also provides support for an hourly rate of $185.21 per hour. This is slightly higher than the $185.15 per hour rate requested in the original motion. In support of the requested rate, the plaintiff provides the affidavit of Shannon Bateson, a Columbus, Ohio based Social Security lawyer with the law firm of Barkan Meizlish, LLP. Id. Ex. B. Ms. Bateson avers that the current EAJA rate based on the Consumer Price Index (Midwest Urban) is $185.21 and this is a rate in line with that billed by Social Security attorneys in this area. Id. Ex. A. However, the Order did not specifically direct the plaintiff to provide additional evidence for the attorney hourly rate, which was fairly close to the $184.75 per hour rate conceded by the Commissioner. Thus, the Court will not revisit the attorney hourly rate and will approve the rate of $185.15 per hour previously requested.

In support of the paralegal billing rate, Mr. Olinsky's affidavit states that the average paralegal billing rate for a law firm comparable to his firm is $119.00 per hour, but he has reduced this amount to $80.00 per hour for this case. He provides a copy of the 2015 National Utilization and Compensation

-2-

Survey Report, which shows a region specific average paralegal billing rate of $116.00 per hour. The Order previously noted that the hours spent by paralegals appeared to be reasonable in time spent and tasks performed, so the Court will approve fees for the 9.7 hours of paralegal time at the rate of $80.00, for a total of $776.00

Finally, Mr. Olinsky's affidavit addresses the time/cost accounting method used for billing attorney fees. He states that he "realized the hours expended writing the opening brief was extremely high" and therefore reduced the 37.6 hours spent by Ms. Wendel in drafting it to 29.5 attorney hours, which brought the requested attorney fees down from $8,657.17 to $7,157.21. However, the total number of attorney hours spent is 38.65 hours. (Doc. 17, ¶11; Ex. F). Mr. Olinsky acknowledges that the hours are still more than the average time spent on Social Security appeals, but asserts that they were not unreasonable and excessive, as "the record was 1,452 pages, which is over 700 pages longer than transcripts in typical Social Security Appeals." Id. ¶12. There is no authority referenced or supplied with the affidavit in support of the purported average pages in a Social Security record. As cited in the Order, the Sixth Circuit has suggested that the total average attorney time for a Social Security appeal is around 20-30 hours. Glass v. Secretary of HHS, 822 F.2d 19, 20 (6th Cir. 1987). Plaintiff's counsel in this case seeks a total of 48.35 hours, including 38.65 hours of attorney time. A review of the record, including the brief filed on behalf of the Commissioner, does not show this case to be particularly complex or detailed compared to other Social Security cases. Thus, the Court will reduce the lodestar amount for attorney hours to 25 at a rate of $185.15 per hour, equaling $4,628.75. Together with the $776.00 in paralegal fees this amounts to a total award of attorney fees of $5,404.75.

## II. Recommendation

For the foregoing reasons, it is recommended that the plaintiff's motion for an award of attorney fees under the EAJA (Doc. 23) be granted and the plaintiff be awarded attorney fees in the amount of $5,404.75.

## III. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge